IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK PITCHON, <br> TDCJ-CID NO.1181285, <br> Plaintiff, <br> v. <br><br> CHARLES A. ROSENTHAL, JR., *et al.*, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-04-3869 |

## OPINION ON DISMISSAL

Plaintiff Patrick Pitchon, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institution Division ("TDCJ-CID"), filed this complaint alleging violations of his civil rights under 42 U.S.C. § 1983. Plaintiff was given leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. After reviewing the pleadings, the Court will dismiss the complaint for the reasons to follow and deny plaintiff's motion for injunctive relief.

## Background

In his original complaint, plaintiff claims while he was confined in the Harris County, Texas Jail, District Attorney Charles A. Rosenthal placed undercover agents in his cell. Plaintiff contends that after he was transferred to the Gurney, Byrd, Robertson, Wallace, and Montford Units of TDCJ-CID, Rosenthal stationed other agents in his cell. Plaintiff maintains Rosenthal ordered the agents to intercept and record plaintiff's statements through the use of concealed wiretapping devices in violation of the federal wiretap statute and without his consent. Plaintiff complains that he suffered severe emotional pain from the agents' harassment and coercion. He seeks an injunction on all illegal communications, to be released from the Montford Unit, and $500,000 in compensatory damages. (Docket Entry No.1).

In his more definite statement, plaintiff complains that Rosenthal ordered plaintiff be shipped to the Montford Unit to cover up Rosenthal's unlawful actions, that he authorized placement of new agents to continue wiretapping procedures and ordered plaintiff be placed in administrative segregation. (Docket Entry No.9). Plaintiff claims that Rosenthal took such action against plaintiff because Rosenthal knew that plaintiff's 2003 convictions in cause numbers 923943 and 923944 from the 230th State District Court of Harris County, Texas, would be reversed and an acquittal ordered on Fourth Amendment grounds once plaintiff finishes and files his state habeas application. (*Id.*). Plaintiff also claims that Rosenthal paid for plaintiff's airline ticket from Mexico so that plaintiff could surrender to authorities in Texas and that Rosenthal prosecuted him to the full extent of the law because a senator requested him to do so. (*Id.*).

Plaintiff further claims in his more definite statement that Warden John Adams of the Montford Unit authorized the placement of the agents in plaintiff's cell and ordered plaintiff's placement in the Montford psychiatric facility. (*Id.*). Plaintiff contends that Adams knew he did not have any kind of paranoia but ordered plaintiff be housed in administrative segregation so that he could record plaintiff's conversations. (*Id.*). Plaintiff concedes that he has not been charged with a criminal offense from the information allegedly obtained by the unauthorized wiretaps, although he insists it is only a matter of time before he will be charged. (*Id.*). Plaintiff has not suffered any physical harm, except pain to his hip,[1] from the alleged wiretapping. (*Id.*).

---

[1] Plaintiff claims he was forced to sleep on a top bunk and experienced hip pain as a result of a pre-existing medical condition. (Docket Entry No.9).

Discussion

Compensatory Damages

Section 1997e(e) of 42 United States Code provides the following:

No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Fifth Circuit recently held that "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 37 (5th Cir. 2005) (finding § 1997e(e) bars compensatory damages for alleged First Amendment violation without physical injury). Plaintiff's failure to allege a physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries suffered as a result of Rosenthal's and Adam's allegedly illegal actions. Accordingly, plaintiff's claims for compensatory relief against Rosenthal and Adams are DISMISSED.

Injunctive Relief

Although section 1997e(e) prohibits recovery of compensatory damages for emotional distress and mental anguish absent a physical injury, it does not prohibit declaratory or injunctive relief for the same. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). In his original complaint and by separate motion, plaintiff seeks injunctive relief (Docket Entries No.1, No.10) on the ground that defendants have violated his Fourth and Eighth Amendment rights by conspiring to tape plaintiff's private conversations without his consent.

3

Injunctive relief in the form of "superintending federal injunctive decrees directing state officials," is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden of persuasion on all of the prerequisites. *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). To obtain a preliminary injunction, a plaintiff must establish the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent the injunction; (3) that the threatened injury to the plaintiff outweighs any harm the injunction might cause the defendants; and (4) that the injunction does not disserve public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000); *see also Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Plaintiff alleges that there is a substantial threat that the government will use the illegally obtained recordings as evidence against plaintiff in an upcoming criminal prosecution. (Docket Entry No.10). Plaintiff, however, concedes that he has not been charged with a criminal offense from information allegedly obtained via the recordings. Therefore, he fails to show a substantial threat of irreparable harm if an injunction should not issue. Accordingly, the Court will deny his motions for injunctive relief. (Docket Entries No.1, No.10).

## Conclusion

Based on the foregoing, the Court ORDERS the following:

1. All claims against defendants are DENIED. Plaintiff's complaint is DISMISSED with prejudice.

2. Plaintiff's motion for injunctive relief (Docket Entry No.10) is DENIED.

3. Plaintiff's motion for the appointment of counsel (Docket Entry No.12) is DENIED, as moot.

The Clerk will provide copies to plaintiff, to the TDCJ-ID Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas 78711, Fax: 512-2159.

It is so ORDERED.

SIGNED at Houston, Texas, this 7th day of June, 2005.

                                                MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE